# Richmond

EASTERN LIFE & CASUALTY COMPANY, INC. v. COMMONWEALTH OF VIRGINIA.

June 15, 1964.

Record No. 5751.

Present, All the Justices.

*Frederick T. Gray* and *James E. Covington, Jr.* (*Williams, Mullen & Christian,* on brief), for the appellant.

*D. Gardiner Tyler, Assistant Attorney General* (*Robert Y. Button, Attorney General,* on brief), for the Commonwealth.

CARRICO, J., delivered the opinion of the court.

Eastern Life & Casualty Company, Inc., filed an application with the State Corporation Commission seeking a refund of license tax paid by Eastern for the license year 1963. From an order denying the requested relief, Eastern is here on an appeal of right.

Eastern, a Virginia corporation, had engaged in insurance business in this state for a number of years. On February 28, 1963, it applied to the Commission for the renewal of its license for the 1963 license year, expiring April 30, 1964.

Under date of March 1, 1963, the Treasurer of Virginia assessed Eastern in the sum of $14,761.21 for license tax for the 1963 license year and on April 1, 1963, Eastern paid this amount to the Treasurer.

However, on March 28, 1963, Eastern and Coastal Plain Life Insurance Company, a North Carolina corporation, had entered into an agreement for the sale to Coastal of Eastern's assets and business, exclusive of the latter's capital and surplus. The agreement provided that, upon closing, Eastern would no longer engage in the insurance business.

The agreement was approved by the stockholders of both companies, Eastern's stockholders further voting to liquidate and dissolve their company within one year from April 18, 1963.

The Commission approved the agreement between Eastern and Coastal and admitted and licensed Coastal to do business in Virginia as an insurance company. Thereupon, on April 30, 1963, the two companies consummated their agreement.

On April 29, 1963, Eastern wrote the Commission citing its agreement with Coastal and noting the fact that after April 30 it would, "no longer be in the insurance business." It requested, "that the . . . application of Eastern for the renewal of its insurance license be now withdrawn." Upon the refusal by the officers of the Commission to refund the license tax paid, Eastern filed the application which is the subject of this appeal.

The sole question to be determined is whether the Commission properly refused Eastern's application for a refund of the license tax. An answer to that question requires an examination and analysis of the numerous statutory enactments involved.

Code, § 38.1-85 requires that before an insurance company is entitled to engage in "any insurance transaction or do any insurance business in this State", it must obtain from the Commission a license so to do. Code, § 38.1-98 provides for the annual renewal of such

license but prohibits such renewal, "unless and until the company has paid all taxes, fees and charges imposed upon it."

Code, §§ 58-486 to 58-502 provide for an annual license tax upon insurance companies for the privilege of doing business in this state. The tax is fixed for the first year of operations at $200, pursuant to Code, § 58-488. For ensuing years, the tax is determined by the application of a percentage to the amount of direct gross premium income derived from such business in the calendar year preceding the year for which the tax is to be paid, pursuant to Code, §§ 58-490, 58-491 and 58-492. Code, § 58-497 provides for the reporting to the Commission, by March 1 of each year, of the amount of such income.

Code, § 58-487 provides that, "[t]he license year shall expire on the thirtieth day of April of each year . . .", but Code, § 58-489 requires that the tax, ". . . shall be paid . . . on or before the first day of April of each year."

Code, § 58-498 provides that, upon notification by the Comptroller that the license tax has not been paid by a particular company, the Commission (1) shall revoke the license of such company to transact insurance business, and (2) shall add a ten per cent penalty of the amount of such tax and shall proceed to recover both the tax and the penalty from such company by appropriate proceedings.

There is no statutory provision for the issuance of a license for a portion of a year or for the assessment of a tax for such limited period, except during the first year of operation.

 Eastern filed its application for a refund pursuant to Code, § 58-1122 which provides, in part, as follows:

"Any person or corporation feeling aggrieved by reason of any . . . license tax . . . assessed or imposed by or under authority of the State Corporation Commission against and collected from any corporation . . . may . . . apply to the State Corporation Commission for a correction of such assessment or charge and for a refund, in whole or in part, of the tax . . . so assessed or imposed and paid . . . ."

Code, § 58-1124 provides that a refund shall be ordered if the Commission be, "of the opinion that the petitioner is entitled to relief, in whole or in part . . . ."

In its opinion disposing of Eastern's application, the Commission ruled that since the assessment was valid when made, that is, was not erroneous, it was without authority to order a refund.

Eastern first contends that the Commission was not required to find that the assessment was erroneous before it could order a refund but that it could act if it merely found that Eastern was "entitled

to relief", under Code, § 58-1124. Eastern then argues that the Commission found that it was "entitled to relief" because the Commission's opinion stated that the result was "manifestly unjust" and that, "[w]e would refund the tax if we could."

The ready answer to this contention is that Code, § 58-1124 cannot be read alone and out of context to Code, § 58-1122, which latter section provides the foundation for the operation of the former. This is true not only because it conforms to sound rules of statutory construction, but also because Code, § 58-1128 provides that, "[e]very sentence, provision, word or part of the six preceding sections [sections 58-1122 to 58-1127] is hereby declared to be dependent upon the rest of said sections . . . ."

A party is "entitled to relief" under Code, § 58-1124, provided he first brings himself under the provisions of Code, § 58-1122. The latter section is available only to an aggrieved party who seeks to *correct* an assessment or charge made by the Commission and to secure a refund of the amount incorrectly paid.

The purpose of Code, § 58-1122, as was stated in *Commonwealth v. Cross*, 196 Va. 375, 379, 83 S. E. 2d 722, ". . . is to provide an expeditious and inexpensive remedy for relief against taxes which have been *erroneously* assessed and collected." [Emphasis added.]

Here, Eastern concedes, as well it might, that the assessment was valid when it was made and when the tax was paid. That being true, there was no erroneous assessment which required "correction" under Code, § 58-1122 and, therefore, no ground upon which Eastern was "entitled to relief" under Code, § 58-1124. For this reason, the Commission properly ruled that it had "no jurisdiction" to abate an assessment that was correctly made.

But, Eastern contends, although the assessment was valid when it was made, it became invalid when, prior to the start of the 1963 license year, it notified the Commission that it would not need the new license.

This contention is based upon Eastern's assertion, as set forth in its brief, that it, "held a valid, fully paid license for the year 1962 which entitled it to conduct an insurance business until April 30, 1963."

This contention ignores the plain provisions of the statutes which previously have been discussed. Eastern, under its 1962 renewal license, could have continued in business after April 1, 1963, if, and only if, it paid, on or before that date, the license tax for the 1963 license year.

The failure of Eastern to pay the 1963 tax on or before April 1,

1963, would have caused the immediate revocation of its license and, *a fortiori*, the loss of its right to continue in business after April 1, 1963 (Code, §§ 58-498 and 38.1-98).

Eastern's notice to the Commission on April 29, 1963, that it would not require a license for 1963 was not sufficient to abrogate its already assumed liability for license tax for that year. April 1, and not May 1, was the crucial date for the fixing of that liability.

By paying the tax when it was required by law so to do and by continuing in the insurance business after April 1, Eastern was permitted to gain the fruits of that business and to consummate its important transaction with Coastal Plain. Eastern thus enjoyed the privilege to which the payment of the tax was a condition precedent.

The refund was properly denied and the order of the State Corporation Commission is

*Affirmed.*